Michael Kind, Esq. (SBN: 13903)
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

Francis J. Flynn, Jr.
Law Office of Francis J. Flynn, Jr.
6220 W. Third Street, #115
Los Angeles, CA 90036
Phone: (314) 662-2836
francisflynn@gmail.com

*Attorneys for Plaintiff Seth Doliboa*
*individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SETH DOLIBOA, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Allegiant Air, LLC, <br><br> Defendant. | Case No: 2:17-cv-02779 <br><br> **Class Action** <br><br> **Class Action Complaint for Damages for Breach of Contract** <br><br> **Jury Trial Demanded** |

SETH DOLIBOA ("Plaintiff"), by and through undersigned counsel, and brings this class action complaint individually and on behalf of all others similarly situated against Allegiant Air, LLC ("Defendant") with regard to Defendant's breaches of one or more contracts, alleging, upon personal knowledge as to

Plaintiff's individual actions and upon information and belief and/or counsel's investigations as to all other matters, the following:

<div align="center">**INTRODUCTION**</div>

1.    Plaintiff brings this class action to seek compensatory damages, restitution, specific performance, disgorgement of profits, costs of suit, attorneys' fees, injunctive relief, and any other relief that this Court deems just and proper arising from Defendant's breaches of contracts with Plaintiff and the Class Members.  It expressly is not intended to request any recovery for personal injury and claims related thereto.

2.    Allegiant Travel Company, the parent corporation of Allegiant Air, LLC claims that Allegiant Air, LLC is a "low-cost passenger airline."

3.    Defendant claims its mission is "to provide high-value, low-cost travel experiences to our customers."[1]

4.     Plaintiff brings this case as a class action to challenge Defendant's multiple breaches of contracts.

5.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

<div align="center">**PARTIES**</div>

6.    Plaintiff Seth Doliboa is a natural person who is a citizen of the state of Ohio.

7.    Defendant Allegiant Air, LLC is a limited liability company whose sole member is Allegiant Travel Company. Allegiant Travel Company is a Nevada corporation with a principal place of business at 1201 North Town Center Drive in Las Vegas, Nevada.  Allegiant Travel Company is, therefore, a citizen of the state

---

[1] https://www.allegiantair.com/allegiants-values-mission-statement (last visited 10/16/2017)

1  of Nevada.  Since a limited liability company is deemed a citizen of the state of

2  each of its members, Allegiant Air, LLC is a citizen of the state of Nevada.

3  <center>**JURISDICTION AND VENUE**</center>

4        8.    This Court has subject matter jurisdiction over this class action

5  pursuant to 28 U.S.C.§ 1332 as amended by the Class Action Fairness Act of 2005

6  because:

7        a.    the number of members of the proposed plaintiff class is greater than

8             100;

9

10        b.    at least one member of each plaintiff class is a citizen of a State
           different from any Defendant;

11

12        c.    the amount in controversy, aggregated among all individual class
           members, plus statutory damages and attorney's fees, exceeds $5

13             million.

14

15        9.    Venue is proper in the United States District Court for the District of

16  Nevada pursuant to 28 U.S.C. § 1391 because:

17        a.    a substantial part of the events or omissions giving rise to the claim
           occurred; and/or

18        b.    Defendant resides in this District.

19  <center>**FACTUAL ALLEGATIONS**</center>

20        10.    Plaintiff and the Members of the Classes each booked flights with

21  Allegiant Air, LLC online or over the telephone.

22        11.    By booking flights with Allegiant Air, LLC online or over the

23  telephone, Plaintiff and the Members of the Classes each entered into the following,

24  or substantially similar, agreements with Defendant: (a) Contract of Carriage (*See,*

25  *e.g.*, Exhibit A); (b) Terms & Conditions (*See, e.g.*, Exhibit B), and (c) Customer

26  Service Plan (*See, e.g.*, Exhibit C).

27

28

12.   Defendant breached of the express terms of these agreements, as indicated more fully below, by charging Plaintiff and Members of the Classes an Electronic Carrier Usage Fee for $13.00 per segment, per person which in no way relates to the actual cost to book the fee online or over the telephone.[2]

**CONTRACT OF CARRIAGE**

13.   Allegiant's Contract of Carriage, provides, in pertinent part:

125. Compliance with Law and Governmental Regulations

All transportation is sold and all carriage is performed subject to compliance with **all** applicable laws and governmental regulations, **including those of the U.S. Department of Transportation** and the Federal Aviation Administration, **many of which are not specified herein but are nonetheless binding on Carrier and all passengers**." (emphasis added)

14.   Defendant breached the express terms of the Contract of Carriage by failing to comply with all applicable laws and governmental regulations, including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified [in the Contract of Carriage] but are nonetheless binding on Carrier and all passengers.

15.   In particular, U.S. Department of Transportation provides in its February 21, 2012 Notice regarding "Additional Guidance on Airfare/Air Tour Price Advertisements,[3]" which provides "additional guidance to airlines and ticket agents that market prices for air transportation […] regarding the full fare advertising rule."

16.   The Notice describes several airline and ticket agent practices that the Office of Aviation Enforcement and Proceedings (Enforcement Office) considers to

---

[2] In fact, Defendant charges an additional $14.00 to Class Members who book over the telephone.
[3] Additional Guidance on Airfare / Air Tour Price Advertisements, Available at:
https://www.dot.gov/sites/dot.gov/files/docs/Notice.Taxes_.fees_.sam_.dl_.13.website_0.pdf
(Last visited: 8/3/2017)

1  violate section 399.84 and/or to be unfair and deceptive and/or an unfair method of

2  competition in violation of 49 U.S.C. 41712."

3      17.    In pertinent part, the DOT, in its February 21, 2012 Notice, states with

4  respect to "Separate Listing of Taxes and Carrier Fees":

> "If a vendor chooses to make available information regarding the amount of taxes and/or fees that are included in the full fare, the disclosure must accurately distinguish between taxes and government fees on the one hand and carrier imposed fees on the other. In addition, with respect to information about carrier imposed fees included in the full fare, such disclosure must *accurately* represent the *actual cost of the item for which the charge is assessed and must not otherwise be deceptive.*"
> *Id.* (emphasis added).

11     18.    Defendant charges an exorbitant rate of $13.00 per passenger, per

12  segment, which is not the actual cost of the item for which the charge is addressed

13  and is otherwise deceptive.

14     19.    The cost to book online is negligible and to the extent there is an actual

15  cost, that significantly less than the $13.00 *per segment[4], per passenger* Defendant

16  charges and, as a result, Defendant has not accurately represented the actual cost of

17  the item for which the charge is assessed and is otherwise deceptive and has

18  violated the terms of the Terms & Conditions.

19                    **TERMS & CONDITIONS AGREEMENT**

20     20.    The *Terms and Conditions*, states in pertinent part:

> "Please review U.S. Department of Transportation Consumer Notices **regarding your rights at** ***http://www.dot.gov/airconsumer*, Allegiant's baggage limitations of liability, _and_ Allegiant's Contract of Carriage**." (emphasis added.)

24     21.    Notably,    ***https://www.dot.gov/airconsumer***/guidance-aviation-rules-

25  and-statutes provides a link to the February 21, 2012 Guidance On Aviation Rules

26  and Statutes entitled Additional Guidance on Airfare / Air Tour Price

27

28  [4] Allegiant defines a "segment" as "one take-off and one landing." See Optional Services & Fees, Available at: https://www.allegiantair.com/popup/optional-services-fees.

1  Advertisements. Clicking the link takes one to
2  https://www.dot.gov/individuals/aviation-consumer-protection/additional-guidance-
3  airfare-andair-tour-price, which includes a link to a PDF of the February 21, 2012
4  Notice, which is also the link identified in Footnote 2 *infra*.

5      22.    In particular, the U.S. Department of Transportation provides in its
6  February 21, 2012 Notice regarding "Additional Guidance on Airfare/Air Tour
7  Price Advertisements,[5]" which provides "additional guidance to airlines and ticket
8  agents that market prices for air transportation […] regarding the full fare
9  advertising rule."

10     23.    The Notice describes several airline and ticket agent practices that the
11 Office of Aviation Enforcement and Proceedings (Enforcement Office) considers to
12 violate section 399.84 and/or to be unfair and deceptive and/or an unfair method of
13 competition in violation of 49 U.S.C. 41712."

14     24.    In pertinent part, the DOT, in its February 21, 2012 Notice, states with
15 respect to "Separate Listing of Taxes and Carrier Fees":

16     "If a vendor chooses to make available information regarding the amount of
17     taxes and/or fees that are included in the full fare, the disclosure must
       accurately distinguish between taxes and government fees on the one hand
18     and carrier imposed fees on the other. In addition, with respect to information
19     about carrier imposed fees included in the full fare, such disclosure must
       *accurately* represent the *actual cost of the item for which the charge is*
20     *assessed and must not otherwise be deceptive*."
21     *Id.* (emphasis added).

22     25.    Defendant charges an exorbitant rate of $13.00 per passenger, per
23 segment, which is not the actual cost of the item for which the charge is addressed
24 and is otherwise deceptive.

25     26.    The cost to book online is negligible and to the extent there is an actual

26

27 _____
   [5] Additional Guidance on Airfare / Air Tour Price Advertisements, Available at:
   https://www.dot.gov/sites/dot.gov/files/docs/Notice.Taxes_.fees_.sam_.dl_.13.website_0.pdf
28 (Last visited: 8/3/2017)

1    cost, that significantly less than the $13.00 *per segment[6], per passenger* Defendant

2    charges and, as a result, Defendant has not accurately represented the actual cost of

3    the item for which the charge is assessed and is otherwise deceptive and has

4    violated the terms of the Terms & Conditions.

5        27.    For these reasons, the rights of Plaintiff and the Classes as bestowed

6    by Defendant in the Terms & Conditions were violated and Defendant's acts and

7    failures to act have, therefore, violated the specific terms of the Terms &

8    Conditions with its customers.

9                    **CUSTOMER SERVICE PLAN AGREEMENT**

10       28.    In the Customer Service Plan, which Defendant states, in pertinent

11    part, that it became "[e]ffective on and after September 22, 2015."

12       29.    In the Customer Service Plan, Defendant defines that "Allegiant" or

13    "Carrier" means "Allegiant Air, LLC", and "Passenger" or Customer" means "any

14    person, except members of the crew, carried or to be carried in an aircraft with the

15    consent of Carrier."

16       30.    Plaintiff and the Class Members are a "person carried or to be carried

17    in an aircraft with the consent of the Carrier."

18       31.    Plaintiff and the Class Members are not "members of the crew."

19       32.    In the Customer Service Plan, Allegiant promises to customers that

20    "Allegiant offers the lowest fare available at the time and place of booking, whether

21    customers make reservations online at www.allegiantair.com, by calling the

22    Allegiant Reservations Center at 702-505-8888, or at the airport during ticketing

23    hours."

24       33.    According to the Oxford Dictionary, "whether" means "indicating that

25    a statement applies whichever of the alternatives mentioned is the case."

26       34.    However, Allegiant never offers the lowest fare available when it

27

28    [6] Allegiant defines a "segment" as "one take-off and one landing." See Optional Services & Fees, Available at: https://www.allegiantair.com/popup/optional-services-fees.

1  books Plaintiff and the Class Members book online or through the telephone

2  because Allegiant's fares were always lowest at the airport during ticketing hours.

3      35.    In fact, fares are always $13.00 per segment per person more

4  expensive for flights booked online or by calling the Allegiant Reservations Center.

5  For a round trip flight, that is $26.00 per person higher.

6      36.    As described throughout the Complaint, Defendant acts and failures to

7  act have violated the specific terms of the Customer Service Plan with its

8  customers.

9      37.    Defendant is liable for the losses of Plaintiff and the Classes that have

10  resulted from Defendant's breaches of the parties' contractual agreement.

11      38.    For example, Defendant breached the express terms of the Customer

12  Service Plan by not offering the lowest fare available at the time and place of

13  booking, whether customers make reservations online at www.allegiantair.com, by

14  calling the Allegiant Reservations Center at 702-505-8888, or at the airport during

15  ticketing hours.

16      39.    In particular Defendant breached the express terms of the Customer

17  Service Plan because at any given time, fares at the airport during ticketing hours

18  are always $13.00 less than the fares online at www.allegiantair.com or by calling

19  the Allegiant Reservations Center at 702-505-8888. See e.g., Optional Services &

20  Fees, Available at: https://www.allegiantair.com/popup/optional-services-fees (Last

21  visited: 8/2/2017) ("Fares displayed are inclusive of an electronic usage charge of

22  $13 per passenger, per segment, applicable to all airline reservations booked

23  through the Web site or call center. $13.00").

24  <div align="center">**CLASS ACTION ALLEGATIONS**</div>

25      40.    Plaintiff brings this action on behalf of himself and on behalf of all

26  others similarly situated (the "Classes").

27      41.    Plaintiff represents, and is a member of the Classes, consisting of:

28

**Class One:**

All persons or entities who booked a flight with Allegiant Air, LLC online or over the telephone.

**Class Two:**

All persons or entities from Ohio who booked a flight with Allegiant Air, LLC online or other the telephone.

42.     Excluded from the Classes are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or Defendant's respective parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) Any governmental entities and any instrumentalities, subdivisions, agencies thereof; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) the legal representatives, successors and assigns of any such excluded person; (7) Counsel of record.

43.     Class One and Class Two are collectively referred to as the "Classes."

44.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

45.     **Numerosity.  Fed. R. Civ. P. 23(a)(1).** While Plaintiff does not know the exact number of class members, Plaintiff believes there are (at least) thousands of members in each Class.   Undoubtedly, individual joinder in this case is

impracticable.   More than one thousand class members is sufficient to satisfy numerosity under Fed. R. Civ. P. 23(a)(1).  Class Members can be easily identified through Defendant's records data base.

46.   **Commonality and Predominance.   Fed. R. Civ. P. 23(a)(2) and (b)(3)**.  There are several questions of law and fact common to the claims of Plaintiff and Members of the Classes. All of the Members of the Classes' claims are based upon the same facts and circumstances. Fed. R. Civ. P. 23(a)(3). The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Members of the Classes.  The resolution of common questions in this case will resolve the claims of both Plaintiff and the Classes.  Common questions include, but are not limited to, the following:

a.   Whether the Contract of Carriage contains express terms voluntarily undertaken by the parties; *See, e.g.*, Exhibit A.

b.   Whether Defendant breached the express terms of the Contract of Carriage.

c.   Whether the Terms & Conditions contains express terms voluntarily undertaken by the parties. *See, e.g.*, Exhibit B;

d.   Whether Defendant breached the express terms of the Terms & Conditions.

e.   Whether the Customer Service Plan contains express terms voluntarily undertaken by the parties; *See, e.g.*, Exhibit C; and/or

f.   Whether Defendant breached such terms of Customer Service Plan.

g.   Whether Defendant was obligated to put in the Customer Service Plan that "Allegiant offers the lowest fare available at the time and place of

booking, whether customers make reservations online at www.allegiantair.com, by calling the Allegiant Reservations Center at 702-505-8888, or at the airport during ticketing hours."

h.    Whether Defendant voluntarily undertook to comply with "all" applicable laws and governmental regulations, "including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified herein but are nonetheless binding on Carrier and all passengers."

i.    Whether Defendant complied with "all" applicable laws and governmental regulations, "including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified herein but are nonetheless binding on Carrier and all passengers;"

j.    Whether Defendant breached the voluntary terms undertaken by Defedant in the Terms & Conditions by not accurately representing the actual cost of the electronic carrier usage fee and/or by being otherwise deceptive with respect to the electronic carrier usage fee in violation of 14 C.F.R. 399.84 and the February 21, 2012 Notice.

k.    Whether Defendant breached the voluntary terms undertaken by Defendant in the Customer Service Plan by not accurately representing the actual cost of the electronic carrier usage fee and/or by being otherwise deceptive with respect to the electronic carrier usage fee in violation of 14 C.F.R. 399.84 and the February 21, 2012 Notice.

l.    Whether Plaintiff and the Classes are entitled to compensatory damages;

m.    Whether Plaintiff and the Classes are entitled to restitution;

n.    Whether Plaintiff and the Classes are entitled to specific performance;

o.    Whether Plaintiff and the Classes are entitled to disgorgement of profits;

p.    Whether Plaintiff and the Classes are entitled to costs of suit;

q.    Whether Plaintiff and the Classes are entitled to attorneys' fees;

r.    Whether Plaintiff and the Classes are entitled to injunctive relief; and/or

s.    Whether Plaintiff and the Classes are entitled to any other relief.

47.    **Typicality.   Fed. R. Civ. P. 23(a)(3)**. The claims of Plaintiff are typical of the claims of the respective Classes.  The claims of the Plaintiff and the respective Classes are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective Classes.  Plaintiff and all members of the Classes are similarly affected by Defendant's wrongful conduct and were damaged in the same way.

48.    **Adequacy.    Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's claims arise out of the same common course of conduct giving rise to the claims of the other members of the Classes.  Plaintiff falls within each class definition and Plaintiff's interests do not conflict with the interests of the Members of the Classes Plaintiff seeks to represent. Plaintiff is passionate about this litigation personally and will prosecute this action vigorously for the benefit of the Members of the Classes.  Plaintiff is represented by experienced and able attorneys from coordinated law firms.  Plaintiff is represented by counsel who are competent and experienced in the prosecution of class action litigation, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the Members of the Classes.  Plaintiff and class counsel can fairly and adequately protect the interests of all of the Members of the Classes.   Neither Plaintiff nor their counsel have any interest adverse to those of the other Members of the Classes.

49.    **Superiority.   Fed. R. Civ. P. 23(b)(3)**: Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

1  efficiently, and without the unnecessary duplication of evidence, effort and expense
2  that numerous individual actions would engender.  The benefits of proceeding
3  through the class mechanism, including providing injured persons or entities with a
4  method for obtaining redress for claims that it might not be practicable to pursue
5  individually, substantially outweigh any difficulties that may arise in management
6  of this class action.

7      50.    The litigation without the classes would allow litigation claims that, in
8  view of the expense of the litigation, may be insufficient in amount to support
9  separate actions.  Individual litigation of each Member of the Classes' claims would
10  be impracticable and individual litigation would be unduly burdensome to the
11  courts.  Without the class action vehicle, the Classes would have no reasonable
12  remedy and would continue to suffer losses, as Defendant continues to engage in
13  the bad faith, unlawful, unfair, and deceptive conduct that is the subject of this
14  Complaint, and Defendant would be permitted to retain the proceeds of its
15  violations of law. Absent a class action, most of the respective Members of the
16  Classes would find the cost of litigating their claims to be prohibitive, and will have
17  no effective remedy.  The class treatment of common questions of law and fact is
18  also superior to multiple individual actions or piecemeal litigation in that it
19  conserves the resources of the courts and the litigants, and promotes consistency
20  and efficiency of adjudication.

21      51.    **Injunctive and Declaratory Relief is Appropriate.  Fed. R. Civ. P.**
22  **23(b)(1).**  The prosecution of separate actions by individual members of the classes
23  would create a risk of:

24      a.    Inconsistent or varying adjudications with respect to individual
25  members of the respective classes which would establish incompatible standards of
26  conduct for the Defendant; and

27
28      b.    Adjudications with respect to individual members of the respective

classes which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52. **Policies Generally Applicable to the Classes.  Fed. R. Civ. P. 23(b)(2)**. Defendant has acted or refused to act on grounds generally applicable to the classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to each of the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

53. **Certification of Particular Issues.  Fed. R. Civ. P. 23(c)(4).**  Issue certification is also appropriate because the following particular issues (among others) exist that may be brought or maintained as a class action:

a. Whether the Contract of Carriage contains express terms voluntarily undertaken by the parties; *See, e.g.*, Exhibit A.

b. Whether Defendant breached the express terms of the Contract of Carriage.

c. Whether the Terms & Conditions contains express terms voluntarily undertaken by the parties. *See, e.g.*, Exhibit B;

d. Whether Defendant breached the express terms of the Terms & Conditions.

e.   Whether the Customer Service Plan contains express terms voluntarily undertaken by the parties; *See, e.g.*, Exhibit C; and/or

f.   Whether Defendant breached such terms of Customer Service Plan.

g.   Whether Defendant was obligated to put in the Customer Service Plan that "Allegiant offers the lowest fare available at the time and place of booking, whether customers make reservations online at www.allegiantair.com, by calling the Allegiant Reservations Center at 702-505-8888, or at the airport during ticketing hours."

h.   Whether Defendant voluntarily undertook to comply with "all" applicable laws and governmental regulations, "including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified herein but are nonetheless binding on Carrier and all passengers."

i.   Whether Defendant complied with "all" applicable laws and governmental regulations, "including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified herein but are nonetheless binding on Carrier and all passengers;"

j.   Whether Defendant breached the voluntary terms undertaken by Defedant in the Terms & Conditions by not accurately representing the actual cost of the electronic carrier usage fee and/or by being otherwise deceptive with respect to the electronic carrier usage fee in violation of 14 C.F.R. 399.84 and the February 21, 2012 Notice.

k.   Whether Defendant breached the voluntary terms undertaken by Defendant in the Customer Service Plan by not accurately representing the actual cost of the electronic carrier usage fee and/or by being otherwise deceptive with respect to the electronic carrier usage fee in violation of 14 C.F.R. 399.84 and the February 21, 2012 Notice.

l.   Whether Plaintiff and the Classes are entitled to compensatory damages;

m.    Whether Plaintiff and the Classes are entitled to restitution;

n.    Whether Plaintiff and the Classes are entitled to specific performance;

o.    Whether Plaintiff and the Classes are entitled to disgorgement of profits;

p.    Whether Plaintiff and the Classes are entitled to costs of suit;

q.    Whether Plaintiff and the Classes are entitled to attorneys' fees;

r.    Whether Plaintiff and the Classes are entitled to injunctive relief; and/or

s.    Whether Plaintiff and the Classes are entitled to any other relief.

### FIRST CAUSE OF ACTION

### BREACH OF THE CONTRACT OF CARRIAGE AGREEMENT

Plaintiff repeats, realleges, and incorporates by reference the above allegations of this Complaint as if fully set forth herein.

54.    Plaintiff and Defendant have entered into a contractual agreement called a Contract of Carriage.  See, e.g., Exhibit A.

55.    The Contract of Carriage provides, in pertinent part:

125. Compliance with Law and Governmental Regulations

All transportation is sold and all carriage is performed subject to compliance with **all** applicable laws and governmental regulations, **including those of the U.S. Department of Transportation** and the Federal Aviation Administration, **many of which are not specified herein but are nonetheless binding on Carrier and all passengers**."

(emphasis added).

56.    Defendant breached the express terms of the Contract of Carriage by

failing to comply with all applicable laws and governmental regulations, including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified [in the Contract of Carriage] but are nonetheless binding on Carrier and all passengers.

57.    In particular, U.S. Department of Transportation provides in its February 21, 2012 Notice regarding "Additional Guidance on Airfare/Air Tour Price Advertisements,[7]" which provides "additional guidance to airlines and ticket agents that market prices for air transportation […] regarding the full fare advertising rule."

58.    The Notice describes several airline and ticket agent practices that the Office of Aviation Enforcement and Proceedings (Enforcement Office) considers to violate section 399.84 and/or to be unfair and deceptive and/or an unfair method of competition in violation of 49 U.S.C. 41712."

59.    In pertinent part, the DOT, in its February 21, 2012 Notice, states with respect to "Separate Listing of Taxes and Carrier Fees":

> "If a vendor chooses to make available information regarding the amount of taxes and/or fees that are included in the full fare, the disclosure must accurately distinguish between taxes and government fees on the one hand and carrier imposed fees on the other. In addition, with respect to information about carrier imposed fees included in the full fare, such disclosure must *accurately* represent the *actual cost of the item for which the charge is assessed and must not otherwise be deceptive*."

*Id.* (emphasis added).

60.    Defendant charges an exorbitant rate of $13.00 per passenger, per segment, which is not the actual cost of the item for which the charge is addressed and is otherwise deceptive.

61.    The cost to book online is negligible and to the extent there is an actual

---

[7] Additional Guidance on Airfare / Air Tour Price Advertisements, Available at:
https://www.dot.gov/sites/dot.gov/files/docs/Notice.Taxes_.fees_.sam_.dl_.13.website_0.pdf
(Last visited: 8/3/2017)

1  cost, that significantly less than the $13.00 *per segment*[8]*, per passenger* Defendant

2  charges and, as a result, Defendant has not accurately represented the actual cost of

3  the item for which the charge is assessed and is otherwise deceptive and has

4  violated the terms of the Terms & Conditions.

5      62.     Defendant acts and failures to act have violated the specific express

6  terms of the Contract of Carriage with its customers.

7      63.     Defendant is liable for the losses of Plaintiff and the Classes that have

8  resulted from Defendant's breaches of the parties' contractual agreement.

9      64.     Plaintiff and the Classes have performed all, or substantially all, of the

10  obligations imposed on them under the Contracts of Carriage.

11      65.     Plaintiff and members of the Classes have sustained damages as a

12  result of Defendant's breaches of the Contracts of Carriage and/or as a result of

13  Defendant's breaches of the Contracts of Carriage.

14                          **SECOND CAUSE OF ACTION**

15              **BREACH OF THE TERMS & CONDITIONS AGREEMENT**

16      Plaintiff repeats, realleges, and incorporates by reference the above

17  allegations of this Complaint as if fully set forth herein.

18      66.     Plaintiff and Defendant have entered into a contractual agreement

19  called Terms & Conditions.  See, e.g., Exhibit B.

20      67.     The *Terms and Conditions*, states in pertinent part:

21      "Please review U.S. Department of Transportation Consumer Notices

22      **regarding your rights at *http://www.dot.gov/airconsumer*,
       Allegiant's baggage limitations of liability, <u>and</u> Allegiant's**

23      **Contract of Carriage**." (emphasis added.)

24

25      68.     Notably,     ***https://www.dot.gov/airconsumer***/guidance-aviation-rules-

26  and-statutes provides a link to the February 21, 2012 Guidance On Aviation Rules

27

28  [8] Allegiant defines a "segment" as "one take-off and one landing." See Optional Services & Fees, Available at: https://www.allegiantair.com/popup/optional-services-fees.

1   and Statutes entitled Additional Guidance on Airfare / Air Tour Price

2   Advertisements.        Clicking        the        link        takes        one        to

3   https://www.dot.gov/individuals/aviation-consumer-protection/additional-guidance-

4   airfare-andair-tour-price, which includes a link to a PDF of the February 21, 2012

5   Notice, which is also the link identified in Footnote 2 *infra*.

6       69.   In particular, the U.S. Department of Transportation provides in its

7   February 21, 2012 Notice regarding "Additional Guidance on Airfare/Air Tour

8   Price Advertisements,[9]" which provides "additional guidance to airlines and ticket

9   agents that market prices for air transportation […] regarding the full fare

10  advertising rule."

11      70.   The Notice describes several airline and ticket agent practices that the

12  Office of Aviation Enforcement and Proceedings (Enforcement Office) considers to

13  violate section 399.84 and/or to be unfair and deceptive and/or an unfair method of

14  competition in violation of 49 U.S.C. 41712."

15      71.   In pertinent part, the DOT, in its February 21, 2012 Notice, states with

16  respect to "Separate Listing of Taxes and Carrier Fees":

17      "If a vendor chooses to make available information regarding the amount of
18      taxes and/or fees that are included in the full fare, the disclosure must
        accurately distinguish between taxes and government fees on the one hand
19      and carrier imposed fees on the other. In addition, with respect to information
        about carrier imposed fees included in the full fare, such disclosure must
20      *accurately* represent the *actual cost of the item for which the charge is
21      assessed and must not otherwise be deceptive*."
22      *Id.* (emphasis added).

23      72.   Defendant charges an exorbitant rate of $13.00 per passenger, per

24  segment, which is not the actual cost of the item for which the charge is addressed

25  and is otherwise deceptive.

26      73.   The cost to book online is negligible and to the extent there is an actual

27  [9] Additional Guidance on Airfare / Air Tour Price Advertisements, Available at:
    https://www.dot.gov/sites/dot.gov/files/docs/Notice.Taxes_.fees_.sam_.dl_.13.website_0.pdf
28  (Last visited: 8/3/2017)

1   cost, that significantly less than the $13.00 *per segment[10], per passenger* Defendant

2   charges and, as a result, Defendant has not accurately represented the actual cost of

3   the item for which the charge is assessed and is otherwise deceptive and has

4   violated the terms of the Terms & Conditions.

5         74.   For these reasons, the rights of Plaintiff and the Classes as bestowed

6   by Defendant in the Terms & Conditions were violated and Defendant's acts and

7   failures to act have, therefore, violated the specific terms of the Terms &

8   Conditions with its customers.

9         75.   Defendant is liable for the losses of Plaintiff and the Classes that have

10   resulted from Defendant's breaches of the parties' contractual agreement.

11         76.   Plaintiff and the Classes have performed all, or substantially all, of the

12   obligations imposed on them under the Terms & Conditions.

13         77.   Plaintiff and members of the Classes have sustained damages as a

14   result of Defendant's breaches of the Terms & Conditions and/or as a result of

15   Defendant's breaches of the Terms & Conditions.

16                       **THIRD CAUSE OF ACTION**

17         **BREACH OF THE CUSTOMER SERVICE PLAN AGREEMENT**

18         Plaintiff repeats, realleges, and incorporates by reference the above

19   allegations of this Complaint as if fully set forth herein.

20         78.   Plaintiff and Defendant have entered into a contractual agreement

21   called the Customer Service Plan.  See, e.g., Exhibit C.

22         79.   In the Customer Service Plan, Defendant states, in pertinent part, that

23   it became "[e]ffective on and after September 22, 2015."

24         80.   In the Customer Service Plan, Defendant defines that "Allegiant" or

25   "Carrier" means "Allegiant Air, LLC", and "Passenger" or Customer" means "any

26   person, except members of the crew, carried or to be carried in an aircraft with the

27   

28   [10] Allegiant defines a "segment" as "one take-off and one landing." See Optional Services & Fees, Available at: https://www.allegiantair.com/popup/optional-services-fees.

consent of Carrier."

81.    Plaintiff and the Class Members are a "person carried or to be carried in an aircraft with the consent of the Carrier."

82.    Plaintiff and the Class Members are not "members of the crew."

83.    Allegiant promises to customers that "Allegiant offers the lowest fare available at the time and place of booking, whether customers make reservations online at www.allegiantair.com, by calling the Allegiant Reservations Center at 702-505-8888, or at the airport during ticketing hours."

84.    According to the Oxford Dictionary, "whether" means "indicating that a statement applies whichever of the alternatives mentioned is the case."

85.    However, Allegiant never offers the lowest fare available when it books Plaintiff and the Class Members book online or through the telephone because Allegiant's fares were always lowest at the airport during ticketing hours.

86.    In fact, fares are always $13.00 per segment per person more expensive for flights booked online or by calling the Allegiant Reservations Center. For a round trip flight, that is $26.00 per person higher.

87.    As described throughout the Complaint, Defendant acts and failures to act have violated the specific terms of the Customer Service Plan with its customers.

88.    Defendant is liable for the losses of Plaintiff and the Classes that have resulted from Defendant's breaches of the parties' contractual agreement.

89.    For example, Defendant breached the express terms of the Customer Service Plan by not offering the lowest fare available at the time and place of booking, whether customers make reservations online at www.allegiantair.com, by calling the Allegiant Reservations Center at 702-505-8888, or at the airport during ticketing hours.

90.    In particular Defendant breached the express terms of the Customer Service Plan because at any given time, fares at the airport during ticketing hours

1   are always $13.00 less than the fares online at www.allegiantair.com or by calling

2   the Allegiant Reservations Center at 702-505-8888. See e.g., Optional Services &

3   Fees, Available at: https://www.allegiantair.com/popup/optional-services-fees (Last

4   visited: 8/2/2017) ("Fares displayed are inclusive of an electronic usage charge of

5   $13 per passenger, per segment, applicable to all airline reservations booked

6   through the Web site or call center. $13.00").

7      91.   Plaintiff and the Classes have performed all, or substantially all, of the

8   obligations imposed on them under the Customer Service Plan.

9      92.   Plaintiff and members of the Classes have sustained damages as a

10  result of Defendant's breaches of the Customer Service Plan and/or as a result of

11  Defendant's breaches of the Customer Service Plan.

12                          **PRAYER FOR RELIEF**

13     Plaintiff respectfully requests that the Court grant Plaintiff and Classes the

14  following relief against Defendant:

15     A.    That the Court certify this case as a class action pursuant to Fed. R.

16  Civ. P. 23(a) and (b)(2) and (b)(3), and/or (c)(4) and, pursuant to Fed. R. Civ. P.

17  23(g), appoint the named Consumer Plaintiffs to be Class representatives and their

18  undersigned counsel to be Class counsel;

19     B.    That the Court award Consumer Plaintiffs and the Class appropriate

20  relief, including compensatory damages, restitution, specific performance, and

21  disgorgement of profits;

22     C.    An order requiring Defendant, at its own cost, to notify all members of

23  the Classes of the unlawful acts discussed herein;

24     D.    That the Court award reasonable attorneys' fees, costs, and expenses

25  as allowable by law;

26     E.    That the Court award Consumer Plaintiffs and the Class pre-judgment

27  and post-judgment interest;

28     F.    That the Court award appropriate injunctive relief; and/or

1    G.    That the Court award any other relief to Plaintiff and the Classes that

2  may be otherwise just and proper.

3                              **TRIAL BY JURY**

4    93.    Pursuant to the seventh amendment to the Constitution of the United

5  States of America, Plaintiff is entitled to, and demands, a trial by jury.

6

7  DATED this 2nd day of November 2017.

8                              Respectfully submitted,

9

10                             **KAZEROUNI LAW GROUP, APC**

11                             By:  /s/ Michael Kind

12                             Michael Kind, Esq.
                               6069 South Fort Apache Road, Suite 100

13                             Las Vegas, Nevada 89148

14
                               Francis J. Flynn, Jr.
15                             **LAW OFFICE OF FRANCIS J. FLYNN, JR.**

16                             6220 W. Third Street, #115
                               Los Angeles, CA 90036

17                             Phone: (314) 662-2836
                               francisflynn@gmail.com
18

19                             **ATTORNEYS FOR PLAINTIFF**

20

21

22

23

24

25

26

27

28